**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GALLATIN WILDLIFE ASSOCIATION; YELLOWSTONE BUFFALO FOUNDATION, | No. 19-35528 |
| Plaintiffs-Appellants, | D.C. No. 2:15-cv-00027-BMM |
| and | MEMORANDUM[*] |
| WILDEARTH GUARDIANS; WESTERN WATERSHEDS PROJECT, | |
| Plaintiffs, | |
| v. | |
| UNITED STATES FOREST SERVICE; LEANNE MARTEN, in her official capacity as Regional Forester of the United States Forest Service; UNITED STATES FISH AND WILDLIFE SERVICE, | |
| Defendants-Appellees, | |
| HELLE LIVESTOCK, a partnership; REBISH/KONEN LIVESTOCK LIMITED PARTNERSHIP; MONTANA WOOL GROWERS ASSOCIATION; AMERICAN SHEEP INDUSTRY | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ASSOCIATION,

Intervenor-Defendants-
Appellees.

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted October 8, 2020[**]
Portland, Oregon

Before: PAEZ and RAWLINSON, Circuit Judges, and ANTOON,[***] District Judge.

Appellant Gallatin Wildlife Association (Gallatin) appeals the district court's grant of summary judgment in favor of Appellees United States Forest Service (Forest Service), Helle Livestock, Rebish/Konen Livestock Limited Partnership, Montana Wool Growers Association, and American Sheep Industry Association. Gallatin contends that the Forest Service contravened the National Forest Management Act, the National Environmental Policy Act, and the Administrative Procedure Act by failing to properly evaluate the viability of bighorn sheep in the Beaverhead-Deerlodge National Forest. Gallatin maintains

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

that the Forest Service utilized a flawed coarse filter methodology in determining that domestic sheep grazing did not pose a significant threat to the viability of bighorn sheep. Gallatin further asserts that the district court abused its discretion in denying its motion for an injunction. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo the district court's grant of summary judgment, we affirm. *See San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 601 (9th Cir. 2014).

The Forest Service did not act arbitrarily or capriciously in analyzing the viability of bighorn sheep, and deference to its scientific methodology is warranted. *See Idaho Wool Growers Ass'n v. Vilsack*, 816 F.3d 1095, 1108 (9th Cir. 2016) (applying arbitrary and capricious standard in holding that the Forest Service's methodology in assessing bighorn sheep viability was sound). In conducting a coarse filter analysis, the Forest Service considered threats from domestic sheep grazing to bighorn sheep, including disease transmission; discussed impacts of domestic sheep grazing on bighorn sheep viability; and adequately delineated the reasons why the coarse filter methodology was employed in lieu of a fine filter analysis. *See id.* (explaining that "[t]he Forest Service is owed greater-than-average deference as it relates to its choice of technical methodologies").

Although the Final Environmental Impact Statement (FEIS) mentioned that a fine filter analysis "was conducted for . . . species identified by the public as having viability concerns," the FEIS elaborated that only two species met the criteria for conducting a fine filter analysis as identified through public comments—the northern goshawk and the great gray owl. Contrary to Gallatin's assertions, the Forest Service did not commit to conducting a fine filter analysis for every species identified in public comments as having viability concerns, nor was it otherwise compelled to utilize the fine filter analysis for those species.[1]

**AFFIRMED.**

---

[1] Because we conclude on the merits that Gallatin's remaining challenge to the methodology employed by the Forest Service fails, Gallatin is not entitled to an injunction. *See Dex Media W., Inc. v. City of Seattle*, 696 F.3d 952, 956 n.1 (9th Cir. 2012).